## JIM DAVIS V. THE STATE.

No. 17752. Delivered November 13, 1935.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment in substance that appellant, with malice aforethought, killed K. T. Sanders by shooting him with a gun.

The testimony adduced by the State was, in substance, as follows: The homicide occurred November 10, 1934, in front of a barber shop in the town of Dublin. When appellant saw deceased standing in front of the barber shop he secured a pistol and approached him. After he and deceased had engaged in conversation appellant shot deceased. A scuffle ensued between the two and the pistol was discharged a second time. Deceased was mortally wounded.

Appellant's unmarried daughter, Eva Davis, a girl about eighteen years of age, gave birth to a baby on the 19th of September, 1934. Appellant testified, in substance, as follows: Shortly after the birth of the child his daughter told him that she had gone to the home of deceased with several boys and

girls, and that while there deceased gave them whisky, which they drank. Later deceased had Dorris Hightower and her enter a bedroom together. The last she remembered after entering the room was that she was trying to push Hightower away from her. It was at deceased's home that her child was conceived. This information caused him (appellant) to become mentally agitated and worried about the disgrace of his daughter. He did not know deceased, but on the occasion of the homicide he was advised that the man who was standing in front of the barber shop was deceased. Upon being so advised he went to a car two blocks away, secured a pistol and went to where deceased was standing. He asked deceased if his name was Kitchen Sanders, and he replied in the affirmative. He said to deceased: "You made it possible for my daughter to be ruined at your house." Deceased replied, "She wasn't any good or she wouldn't have been there. What the hell are you going to do about it?" A struggle ensued during which he shot and killed deceased.

Appellant's wife and daughter testified to the fact that the daughter had made the statement concerning her ruin to appellant and that appellant had suffered great mental agitation. The daughter testified that the statement she had made to appellant was true.

Dorris Hightower married appellant's daughter a few days after the birth of her child and was living with her at the time of the trial.

Appellant's bills of exception 3 to 6, both inclusive, complain of the action of the trial court in permitting the young people who were present at deceased's home with appellant's daughter to testify, in effect, that nothing improper occurred while they were there. Said witnesses testified that neither appellant's daughter nor anyone else had sexual intercourse at deceased's home. They further testified that deceased gave them no whisky, and made no improper suggestions to any of them. Appellant's objection to the testimony was properly overruled. It was competent to introduce evidence leading to the conclusion that the deceased was guilty of no improper conduct where appellant's daughter was concerned. If the misconduct imputed to deceased did not occur, then it would be improbable that appellant's daughter reported it to appellant. Cameron v. State, 153 S. W., 867; Claxton v. State, 288 S. W., 444.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.